RAWLINSON, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that the district court acted within its discretion in determining a reasonable hourly rate for the calculation of attorney’s fees in this case. However, I respectfully disagree that the hotly disputed placement at Love-land Academy somehow morphed from a unilateral placement to a bilateral placement due to implied consent on the part of the State Department of Education.
Initially, it is important to note that the State Hearings Officer determined that the private placement for the 2010-2011 school year was a unilateral placement. Thus, the adjudicator in the case with the closest nexus to the case did not give “implied consent” to the placement. Relying on K.D. v. Department of Education, 665 F.3d 1110 (9th Cir.2011), the same case cited by the majority, the State Hearings Officer determined that under the settlement agreement between the State Department of Education and Sam K.’s parents, the State agreed to pay tuition at Loveland only through the end of the 2009-2010 school year. That determination is undisputed. As the hearings officer also noted, the settlement agreement contained no provision regarding placement for Sam K. As the hearings officer pointed out, the settlement agreement was “not a conclusion from a detailed evaluation that determined private placement to be the appropriate educational institution for Student under the [Act].... ” (emphasis added).
The hearings officer’s reasoning is supported by our analysis in ED. In the context of a “stay put”[1] scenario, we held that before a favorable administrative or judicial decision can convert a unilateral placement into an agreed-upon bilateral placement, the favorable decision “must expressly find that the private placement was appropriate.” 665 F.3d at 1118 (emphasis added). We expressly distinguished between placement of a child in an educational setting, and reimbursement of private school tuition. Quoting Zvi D. v. Ambach, 694 F.2d 904, 908 (2d Cir.1982), we emphasized that “payment and placement are two different matters.” Id. at 1119 (alteration omitted). We contrasted the settlement agreement in Zvi D., where the child was “never placed in the private school — the Board of Education merely agreed to pay for his tuition ... ”, with Bayonne Board of Education v. R.S., 954 P.Supp. 933 (D.N.J.1997), where the settlement agreement “actually placed the- student” rather than merely agreeing to reimburse tuition. Id. (internal quotation marks omitted). We likened the settle-mént agreement in K.D. to that in Zvi D. as opposed to the one in Bayonne. We observed that “K.D.’s settlement agreement never called for ‘placement,’ and only required tuition reimbursement.” Id. We clarified that the distinction between education placement and tuition reimbursement “is not an insignificant semantic difference.” Id. We explained that simply because the State agrees to pay tuition at a private school for a discrete period of time, “it does not follow that, by doing so, *1043 the [State] had conducted the detailed evaluation required to determine whether Loveland was the proper educational institution for K.D. under the [Act].” Id. Indeed, we intimated that Loveland was not an appropriate educational placement under the Act. See id. at 1128 (“KD.’s Love-land placement does not square with one of the main purposes behind [the Act] — to combat the apparently widespread practice of relegating handicapped children to private institutions ... ”) (citation and internal quotation marks omitted) (emphasis added).
Because the settlement agreement did not place K.D. at Loveland and because the State only agreed to pay tuition for a finite time period, we. concluded that , the State “never affirmatively agreed to place K.D. at Loveland.” Id. at 1121. In turn, Loveland never became KD.’s stay put placement and “the settlement agreement did not operate to change the placement from unilateral to bilateral.” Id. at 1122.
In a similar vein, we concluded in Clovis Unified School District v. California Office of Administrative Hearings, 903 F.2d 635, 641 (9th Cir.1990), “that once the State educational agency decided that the parents’ placement was the appropriate placement, it became the [stay put educational location] ...” (citation omitted) (emphasis added); see also School Committee of the Town of Burlington, Mass. v. Department of Education of Mass., 471 U.S. 359, 369-70, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985) (concluding that “placement in private schools at public expense” is appropriate under the Act “where a court determines that a private placement ... was proper ... and that an [individualized education program] calling for placement in a public school was inappropriate”) (emphasis added).
The flaw in the district court’s opinion that is repeated by the majority is that despite the fact that the settlement agreement did not mention placement as required by all-the cases that have addressed this issue, the district court conflated the reimbursement agreement into a bilateral placement agreement. None of our precedent supports this conflated analysis. I respectfully dissent.

. The “stay put” provision of the Individuals with Disabilities Education Act (Act) requires the continuation of a "then-current educational placement.” 20 U.S.C. § 1415(j).